UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

          Plaintiff,

v.                                      Civil Action No. 2:14-30063

MICHAEL SPARKS and
CARL CONLEY,
an individual,

          Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

          Plaintiff,

v.                                      Civil Action No. 2:14-30095

MICHAEL THORNSBURY and
CANDICE HARPER,

          Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

          Plaintiff,

v.                                      Civil Action No. 2:14-30098

MICHAEL THORNSBURY
DONALD RAY STEVENS and
RUBY STEVENS,

          Defendants.

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

       **Plaintiff,**

**v.**                                  **Civil Action No. 2:14-30105**

**MICHAEL SPARKS**
**DONALD RAY STEVENS and**
**RUBY STEVENS,**

       **Defendants.**


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

       **Plaintiff,**

**v.**                                  **Civil Action No. 2:14-30127**

**MICHAEL THORNSBURY and**
**DELORIS "DEE" SIDEBOTTOM**

       **Defendants.**


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

       **Plaintiff,**

**v.**                                  **Civil Action No. 2:14-30221**

**MICHAEL SPARKS**
**DELORIS "DEE" SIDEBOTTOM,**

       **Defendants.**

2

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

            **Plaintiff,**

**v.**                                             **Civil Action No. 2:14-30230**

**MICHAEL THORNSBURY and**
**DAVID HEATH ELLIS**
**DEVCO BUILDING AND CONSTRUCTION, INC.,**
**a West Virginia Corporation,**

            **Defendants.**


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

            **Plaintiff,**

**v.**                                             **Civil Action No. 2:14-30287**

**DAVID BAISDEN and**
**GEORGE WHITE,**

            **Defendants.**


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

            **Plaintiff,**

**v.**                                             **Civil Action No. 2:14-30295**


**JARROD FLETCHER and**
**DAVID HEATH ELLIS and**
**DEVCO BUILDING AND CONSTRUCTION, INC.,**
**a West Virginia Corporation**

3

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                Civil Action No. 2:15-05009

MICHAEL THORNSBURY and
TINA GRACE and
LARRY GRACE,

       Defendants.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                Civil Action No. 2:15-05012

C. MICHAEL SPARKS and
TINA GRACE and
LARRY GRACE,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending in these actions are sixteen motions filed in the early stages of the cases. Some of the motions present common legal issues. It appears the matters have matured and are best adjudicated in tandem. For ease of reference for counsel, and for the Clerk in terminating the motions from the docket, the matters are set forth in tabular form below with their filing date and docket number:

| Case Number | Motion | Filed | Docket Entry |
|---|---|---|---|
| 2:14-30063 | By Wesley Kent Varney to be excused. | 06/01/2015 | 17 |

| 2:14-30095 | Motion by Candice Harper to dismiss or for judgment on the pleadings. | 02/06/2015 | 7 |
|---|---|---|---|
| 2:14-30095 | Motion by Candice Harper to extend the time for her Rule 26(a)(1) disclosures. | 06/16/2015 | 23 |
| 2:14-30098 | Motion by Donald Ray and Ruby Stevens to dismiss or for judgment on the pleadings. | 03/02/2015 | 8 |
| 2:14-30105 | Motion by Donald Ray and Ruby Stevens to dismiss or for judgment on the pleadings. | 03/02/2015 | 7 |
| 2:14-30105 | By Wesley Kent Varney to be excused. | 06/01/2015 | 18 |
| 2:14-30127 | Motion by Deloris "Dee" Sidebottom to dismiss declaratory judgment action and for judgment on the pleadings | 05/19/2015 | 15 |
| 2:14-30127 | Motion by Deloris "Dee" Sidebottom to extend the time for her Rule 26(a)(1) disclosures. | 06/16/2015 | 22 |
| 2:14-30221 | Motion by Deloris "Dee" Sidebottom to dismiss declaratory judgment action and for judgment on the pleadings | 02/06/2015 | 8 |
| 2:14-30221 | Motion by Deloris "Dee" Sidebottom to extend the time for her Rule 26(a)(1) disclosures. | 06/16/2015 | 20 |
| 2:14-30221 | By Wesley Kent Varney to be excused. | 06/01/2015 | 18 |
| 2:14-30230 | Motion by Devco Building and Construction, Inc., and David Heath Ellis to dismiss  declaratory judgment action and for judgment on the pleadings | 05/19/2015 | 15 |
| 2:14-30230 | Motion by Devco Building and Construction, Inc., | 06/16/2015 | 24 |

5

| | | | |
|---|---|---|---|
| | and David Heath Ellis to extend the time for their Rule 26(a)(1) disclosures. | | |
| 2:14-30287 | Motion by George White to dismiss or for judgment on the pleadings. | 03/13/2015 | 9 |
| 2:14-30295 | Motion by Devco Building and Construction, Inc., and David Heath Ellis to dismiss declaratory judgment action and for judgment on the pleadings | 05/19/2015 | 12 |
| 2:14-30295 | Motion by Devco Building and Construction, Inc., and David Heath Ellis to extend the time for their Rule 26(a)(1) disclosures. | 06/16/2015 | 19 |
| 2:15-05009 | No motions pending. | | |
| 2:15-05012 | No motions pending. | | |

The motions to dismiss or for judgment on the pleadings
may be separated into two categories.  The first raise a single,
common contention.  For example, the motion to dismiss filed by
Candice Harper in civil action 2:14-30095 asserts that the
declaratory judgment complaint actually confesses a defense and
coverage obligation for the alleged wrongdoing committed by
defendant Michael Thornsbury.  National Union responds, however,
that Ms. Harper has omitted its allegation that Mr. Thornsbury was
not acting within the scope of his duties as a circuit judge when
he committed the wrongdoing alleged, meaning that he would be
entitled neither to a defense or coverage obligation under the

policy.  The same response is offered to the identical contention made by the other movants making this single contention.

National Union is correct that evidentiary development of the scope issue is necessary.  It is, accordingly, ORDERED that Ms. Harper's motion to dismiss or for judgment on the pleadings, along with the motions of the same character found in civil actions 2:14-30127, 2:14-30221, 2:14-30230, and 2:14-30295, be, and hereby are, denied.

The second category of motions consist of two contentions.  The first contention is the same as that discussed in the motions denied in the paragraph immediately preceding.  For the same reasons, the contention is not meritorious.  The second contention is based in abstention principles, with the moving parties asserting that the applicable factors weigh in favor of declining the exercise of jurisdiction.  For example, the motions to dismiss filed by Donald and Ruby Stevens in civil actions 2:14-30098 and 2:14-30105 assert that this action should be dismissed on abstention grounds in favor of ongoing state litigation alleging constitutional and common law tort claims.

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations" of parties to "a case of actual controversy within its jurisdiction[.]"  28 U.S.C.

7

§ 2201(a).  As that language indicates, and as our court of

appeals has often noted, the decision "to assert jurisdiction over

declaratory judgment actions" is a discretionary one.  United

Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998)

(internal quotation marks and citation omitted).  When exercising

that discretion, "district courts must [] take into account

'considerations of federalism, efficiency, and comity,'" if "a

parallel proceeding is pending in state court[.]"  See id.

(quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371,

376 (4th Cir. 1994)).  Four factors guide the court's inquiry:

> (1) whether the state has a strong interest in having the
> issues decided in its courts; (2) whether the state courts
> could resolve the issues more efficiently than the federal
> courts; (3) whether the presence of "overlapping issues of
> fact or law" might create unnecessary "entanglement"
> between the state and federal courts; and (4) whether the
> federal action is mere "procedural fencing," in the sense
> that the action is merely the product of forum-shopping.

Id. (quoting Nautilus, 15 F.3d at 377); see also VRCompliance LLC

v. HomeAway, Inc., 715 F.3d 570, 573-75 (4th Cir. 2013) (reciting

and applying the Kapiloff/Nautilus factors).

The first and fourth factors weigh in favor of retaining

jurisdiction.  As for the first, there appears to be no

particularly strong state interest in adjudicating the insurance

coverage claims at issue.  See Great Am. Ins. Co. v. Gross, 468

F.3d 199, 211 (4th Cir. 2006) ("[T]he questions of state law

raised in the federal action are not difficult or problematic;

8

instead, they involve the routine application of settled

principles of insurance law to particular disputed facts.").

Regarding the fourth factor, it does not appear that National

Union engaged in "procedural fencing" by "rac[ing] to federal

court in an effort to get certain issues that [we]re already

pending before the state courts resolved first in a more favorable

forum," id. at 211.   Indeed, National Union notes "the claims set

forth in the present declaratory judgment action[s] are not being

litigated in the Underlying Action[s]."   (Resp. at 8).   According

to National Union, "this Court is the only Court that has been

asked to resolve the question of whether insurance coverage exists

under the National Union policy."   (Id. at 8-9).   The movants do

not challenge that contention.

        The same result obtains with the second factor.   Our

court of appeals has explained that, "where two parallel suits are

pending in state and federal court, the first suit should have

priority, absent the showing of balance of convenience in favor of

the second action."   Id. at 574 (internal quotation marks and

citation omitted).   Inasmuch as the defense and indemnity

questions have not been placed before the state court, the actions

are not parallel.   This same consideration resolves the third

factor in National Union's favor as well, inasmuch as the minimal

overlap of factual issues between the state and federal cases presents little to no concern respecting entanglement.

Inasmuch as the applicable factors weigh in favor of retained jurisdiction, it is ORDERED that the Stevens' motions to dismiss or for judgment on the pleadings in civil actions 2:14-30098 and 2:14-30105, along with the same types of motions to dismiss found in civil action 2:14-30287, be, and hereby are, denied.

The motions by various parties in civil actions 2:14-30095, 2:14-30127, 2:14-30221, 2:14-30230, 2:14-30295, for an extension of time are based upon an illness in a certain defense counsel's family, along with the press of their counsels' other case-related responsibilities.  Finding good cause, it is ORDERED that the motions to extend the time for Rule 26(a)(1) disclosures be, and hereby are, granted.  The time is extended to and including July 10, 2015.

The court additionally notes that guardians ad litem have been appointed as follows for the limited purpose of effecting service of process on the defendants indicated:

| Case Number | Defendant | Guardian ad litem |
|---|---|---|
| 2:14-30063 | Michael Sparks | Wesley Kent Varney |
| 2:14-30105 | Michael Sparks | Wesley Kent Varney |
| 2:14-30221 | Michael Sparks | Wesley Kent Varney |
| 2:14-30287 | David Baisden | James Cagle |
| 2:15-05012 | Michael Sparks | Wesley Kent Varney |

The guardians ad litem were directed to obtain from Mr.
Sparks and Mr. Baisden their signed notification respecting
whether they are engaging counsel to represent them in the
relevant actions.  Mr. Sparks has not responded as directed.  He
presently resides in a halfway house and his expected release date
is August 12, 2015.  Mr. Baisden advised the court in writing that
he intends to proceed without counsel.  He is scheduled for
release from FCI Butner on November 25, 2015.  It is, accordingly,
ORDERED that the motions by Wesley Kent Varney to be excused from
hearings be, and hereby are, granted and the guardians ad litem
are excused from further duties or appearances in the
aforementioned actions.

The Clerk is directed to transmit a copy of this order
to all counsel of record, the guardians ad litem, and any
unrepresented parties.

ENTER: July 2, 2015

John T. Copenhaver, Jr.
United States District Judge

11